IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JIANQUN ZHANG,<br><br>              Plaintiff,<br><br>    v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, and UNINCORPORATED ASSOCIATES IDENTIFIED ON SCHEDULE A,<br><br>              Defendants. | Case No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Jianqun Zhang ("Plaintiff") hereby brings the present action for design patent infringement, unjust enrichment under Illinois state common law, unfair competition under Illinois state common law, and violation of the Illinois Uniform Deceptive Trade Practices against all Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A (collectively, "Defendants"), attached hereto, as follows:

**I.    JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331 (original federal question jurisdiction). This Court has supplemental jurisdiction over Plaintiff's Illinois Uniform Deceptive Trade Practices Act claim, Illinois state common law unjust enrichment claim, and Illinois state unfair competition claim pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants structure their business activities so as to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the aliases identified on Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell products which infringe Plaintiff's patented design and trade dress, as described below, (collectively, the "Unauthorized Products") to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff's substantial injury in the state of Illinois.

## II. INTRODUCTION

3. Plaintiff filed this case to prevent e-commerce store operators who infringe upon Plaintiff's patented design from further selling and/or offering for sale Unauthorized Products. Defendants create e-commerce stores under one or more Seller Aliases and then advertise, offer for sale, and/or sell Unauthorized Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share identifiers, such as design elements and similarities of the Unauthorized Products offered for sale, establishing that a logical relationship exists between them, and that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants take advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity. Defendants attempt to avoid liability by operating under one or more Seller Aliases to conceal their identities,

2

locations, and the full scope and interworking of their infringing operation. Plaintiff is forced to file this action to combat Defendants' infringing of their patented design and trade dress, as well as to protect consumers from purchasing Unauthorized Products over the internet. Plaintiff has been, and continue to be, irreparably damaged through loss of market share and erosion of Plaintiff's patent and trade dress rights because of Defendants' actions and therefore seek injunctive and monetary relief.

## III. THE PARTIES

4. Plaintiff is a Chinese company having a principal place of business at 1207, NO. 12, LANE 2, LIANJING SIMING DISTRICT, XIAMEN, FUJIAN, CHINA.

5. Plaintiff is the sole owner of U.S. Design Patent No. D1,080,919 S through an assignment from Jianqun Zhang on July 20, 2022 ("the 'D919 Patent" Exhibit A) entitled "Ladder Stabilizer" issued on June 24, 2025 to Jianqun Zhang from U.S. Patent Application No. 29/846,848, filed on July 20, 2022.

6. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringing network. The identity of the infringing products from these defendants further demonstrate the interrelationship among them. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## IV. PLAINTIFF'S PATENT

3

7. Plaintiff is the owner of all right, title, and interest in the 'D919 Patent which is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

8. The 'D919 Patent discloses and claims new ornamental design for Ladder Stabilizer which are represented by Figures 1-8 in the 'D919 Patent. Plaintiff sells its products that embody the 'D919 Patent (collectively, "Plaintiff's Products"), exclusively direct-to-consumer through its webstore(s) on Amazon and other online platforms.

9. The claim of the '919 Patent is directly compared with those of each Defendant on Schedule A and are shown in Exhibit B to demonstrate that Defendants copied Plaintiff's design claimed in the 'D919 Patent.

## V. PLAINTIFF'S TRADE DRESS

10. Plaintiff protects its substantial investment in innovation and design from imitators with its intellectual property rights.

11. In addition to embodying the 'D919 Patent, Plaintiff's Products bear a distinctive trade dress in the design of Plaintiff's Products. *See* Figures 1-8 of the 'D919 Patent in Exhibit A.

12. As a result of Plaintiff's widespread use and display of the trade dress, 1) the public has come to recognize Plaintiff's Products bearing the trade dress as emanating from Plaintiff; 2) the public recognizes that products bearing the trade dress constitute high quality products that conform to the specifications created by the Plaintiff; and 3) the trade dress has established strong secondary meaning and extensive goodwill.

13. Plaintiff's trade dress is not functional. The design features embodied by the trade dress are not essential to the function of the product. The trade dress is not in its particular shape

because it works better in that shape. There are numerous alternative shapes and structures to Plaintiff's Products, many of which are legitimately sold by Plaintiff's competitors.

14. Further, the design features of the trade dress are not comparatively simple or inexpensive to manufacture because the elements are complex. The design features of the trade dress do not affect the quality of the product. *See* Figures 1-8 of the 'D919 Patent. The design of the trade dress is not a competitive necessity.

15. The trade dress is an invaluable asset essential to Plaintiff's success and represents the design of their signature products.

## VI. DEFENDANTS' UNLAWFUL CONDUCT

16. The success of the Plaintiff's Products has resulted in significant infringement of the 'D919 Patent and the trade dress. Because of this, Plaintiff has implemented an anti-infringement program that involves investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. Recently, Plaintiff has identified many fully interactive e-commerce stores offering Unauthorized Products on online marketplace platforms like Amazon.com, Inc. ("Amazon"), including the e-commerce stores operating under the Seller Aliases. Infringement charts of each Defendant are shown in Exhibit B.

17. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell and/or offer for sale Unauthorized Products to residents of Illinois. True and correct copies of the screenshot printouts showing sales of each Defendant to this jurisdiction are attached as Exhibit C.

18. Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have, jointly and severally, knowingly and willfully infringed Plaintiff's patent and trade dress in connection with the use and/or manufacturing of Unauthorized Products and distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet.

19. Defendants' unauthorized use and/or manufacturing of the ornamental designs claimed in Plaintiff's patent and trade dress in connection with the distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause, and has caused, confusion, mistake, and deception by and among consumers, loss of market share, and erosion of Plaintiff's patent rights and is irreparably harming Plaintiff.

## COUNT I
## PATENT INFRINGEMENT OF PLAINTIFF'S PATENT (35 U.S.C. § 271)

20. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

21. As shown, Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have, jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly Plaintiff's patent.

22. As shown in the claim chart attached as Exhibit B, the products being sold by Defendants incorporate each of the design elements claimed in the 'D919 Patent. Accordingly, the product being sold by Defendants infringes upon Plaintiff's patent.

23. Specifically, Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Unauthorized Products that infringe directly and/or indirectly the ornamental design claimed in the 'D919 Patent

24. As a direct and proximate result of Defendants' infringements, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringement of Plaintiff in connection with the offering to sell, selling, or importing of products that infringe Plaintiff's patent, including such acts into the State of Illinois, is irreparably harming Plaintiff. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented design as well as the lost sales and loss of repeat sales stemming from the infringing acts.

25. Defendants' infringement has been and continues to be willful. Accordingly, Plaintiff is entitled to treble damages under 35 U.S.C. § 284 and this is an exceptional case under 35 U.S.C. § 285.

26. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of Plaintiff's patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

27. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))

28. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

29. Despite Plaintiff's use and adoption of their trade dress, Defendants have developed, manufactured, imported, advertised, and/or sold products that use a design that is confusingly similar to Plaintiff's trade dress.

30. Unauthorized Products offered for sale and sold by Defendants are of the same nature and type as Plaintiff's Products, and, as such, are likely to cause confusion to the general purchasing public. *See* Exhibit B.

31. By misappropriating and using the Plaintiff's trade dress, Defendants misrepresent and falsely describe to the general public the origin and source of Unauthorized Products and create a likelihood of confusion by consumers as to the source of such merchandise.

32. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of Unauthorized Products creates express and implied misrepresentation that Unauthorized Products were created, authorized, or approved by Plaintiff, allowing Defendants to profit from Plaintiff's goodwill while causing Plaintiff irreparable and immeasurable injury.

33. On information and belief, Defendants have intentionally and blatantly copied Plaintiff's trade dress and pass off their goods as Plaintiff's Products to misappropriate the immense goodwill that Plaintiff has spent enormous time, effort, and expense to cultivate in the marketplace with their high-quality products.

34. Defendants' promotion, marketing, offering for sale, and sale of Unauthorized Products, products which use Plaintiff's trade dress, has created a likelihood of confusion, mistake,

and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Unauthorized Products by Plaintiff.

35. Defendants' acts, as described herein, violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' use of the Plaintiff's trade dress in connection with their goods and services in interstate commerce, constitutes a false designation of origin and unfair competition.

36. Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to their goodwill and reputation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's patent; and

   b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's patent

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe Plaintiff's patent.

3) That Judgment be entered against Defendants finding that they have infringed upon Plaintiff's patent.

4) That Judgment be entered against Defendants finding that infringement of Plaintiff's patent has been willful.

5) That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, including Defendants' profits pursuant to 35 U.S.C. § 289 and any other damages as appropriate under 35 U.S.C. § 284, together with interests and costs.

6) That Plaintiffs be awarded treble damages under 35 U.S.C. § 284 for Defendants' willful infringement of upon Plaintiff's patent.

7) A finding that this case is exceptional under 35 U.S.C. § 285.

8) A finding that Defendants infringed upon Plaintiff's trade dress, committing acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

9) A finding that Defendants infringed upon Plaintiff's trade dress, committing acts of unfair competition in violation of Illinois state common law.

10) A finding that Defendants infringed upon Plaintiff's trade dress.

11) That Plaintiff be awarded their reasonable attorneys' fees and costs.

12) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 1, 2026                               Respectfully submitted,

/s/lance liu
BY: Lance Liu, Esq.
15 Minuteman Circle
Southbury, CT 06488
Email: lanceliu2000@gmail.com
Phone: (203)706-9536

**Attorney for Plaintiff**
